# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GARY W. FULLER,

Plaintiff,

v.

CARLTON M. FULLER, et al.,

Defendants.

CASE NO. 5:25-cv-01230-SRM (SK)

**ORDER TO SHOW CAUSE**

Plaintiff Gary Fuller and his two siblings, including Defendant Carlton Fuller, are heirs to their late father's estate. Carlton is the executor of the decedent's estate, which is the subject of ongoing probate proceedings in San Bernadino County superior court. Plaintiff, who is a Texas state inmate, is dissatisfied with how his brother Carlton is administering the estate and failing to timely notify him of relevant probate hearings. As a result, Plaintiff now sues his brother and his brother's attorney (both residents of California) for constructive fraud under California Civil Code § 1573 and alleged civil rights violations under 42 U.S.C. §§ 1981 and 1985. For relief, Plaintiff demands a "compulsory" and "outside accounting" of the estate's assets to determine its "full and true value," an injunction preventing not only final settlement of the estate in probate court but also blocking Carlton (or his attorney) in the meantime from "distributing, lending, or otherwise expending" estate assets, and an unspecified amount of monetary damages. (ECF 1 at 8).

This court lacks jurisdiction to entertain Plaintiff's complaint.[1]  Federal courts have an independent duty to ensure that they have subject matter jurisdiction in every case.  *See United Inv'r Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  "A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction."  *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).  A complaint "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke*, 490 U.S. at 325.  Even if couched in federal-law terms, for instance, any claims that are "wholly insubstantial" or "obviously frivolous" cannot "raise a substantial federal question for jurisdictional purposes."  *Shapiro v. McManus*, 577 U.S. 39, 45–46 (2015); *see Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1151–52 (9th Cir. 2013).  Thus, the Court may at any time dismiss for lack of jurisdiction even a paid complaint that is "insubstantial, implausible, foreclosed by prior decisions . . . , or otherwise completely devoid of merit."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *see* Fed. R. Civ. P. 12(h).  Applied here, these standards of frivolity deprive this court of subject matter jurisdiction in several ways.

*First,* federal courts have no jurisdiction to "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the

---

[1] Although he initially applied to proceed on the complaint in forma pauperis (IFP) without prepaying the civil filing fees, Plaintiff eventually paid those fees in full after his application was denied because of his demonstrated ability to pay.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid," however, the court may still dismiss Plaintiff's complaint before service under the IFP statute if it is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i); *see Wright v. Rhay*, 310 F.2d 687, 687–88 (9th Cir. 1962) (screening under IFP statute proper if same complaint filed with payment of fees could be dismissed sua sponte for frivolousness); *Giselle N. v. Kijakazi*, 694 F. Supp. 3d 1193, 1195 (N.D. Cal. 2023) (complaint filed pursuant to federal IFP statute still subject to mandatory screening even if IFP application is denied).  Even without the IFP statute, though, "a district court has the inherent authority to dismiss frivolous actions."  *Damjanovic v. Ambrose*, 991 F.2d 803, 1993 WL 117498, at *1 (9th Cir. 1993) (mem.).

property in the custody of the state court." *Markham v. Allen,* 326 U.S. 490, 494 (1946).  This probate exception to jurisdiction "applies in both diversity and federal question cases." *Profita v. Andersen*, 2018 WL 4199214, at *3 (C.D. Cal. Aug. 8, 2018), *adopted by* 2018 WL 4191611 (C.D. Cal. Aug. 31, 2018), *aff'd by* 771 F. App'x. 414 (9th Cir. 2019).  The "exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006); *see Goncalves By and Through Goncalves v. Rady Child.'s Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017) (federal courts cannot "(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court" (quoting *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008)).  Yet Plaintiff's complaint would have this court, in effect, decide the value of his late father's estate, how that estate should be administered or settled, and when (or if) estate assets may be transferred—pitting a federal court's adjudication of these issues against that of a state probate court.

It makes no difference that Plaintiff isn't asking this court explicitly to act as a probate court per se.[2]  When a complaint in federal court alleges improprieties in the administration of an estate that is subject to probate proceedings in state court or seeks to challenge any orders of a state probate court, it is "tantamount to asking the federal district court to take over the administration of the estate." *Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir.

---

[2] Nor does it matter if the estate's assets happen to be in a trust rather than the subject of a will.  *See, e.g., Deutsch v. Klein*, 2023 WL 3075880, at *1 (C.D. Cal. Apr. 25, 2023) (action involving validity of trust rather than probate of will does not preclude application of probate exception); *Vaughn v. Montague*, 924 F. Supp. 2d 1256, 1269 (W.D. Wash. 2013) (same).

2006); *see, e.g.*, *Brooks v. Atwood*, 710 F. App'x 313, 313 (9th Cir. 2018) ("The district court properly dismissed for lack of subject matter jurisdiction Brooks' claims seeking injunctive or declaratory relief because under the probate exception federal courts lack subject matter jurisdiction over pending state court probate matters."). Claiming that he is a victim of "fraud" or being deprived of alleged federal constitutional protections, as Plaintiff does here, "does not get around the probate exception." *Profita*, 2018 WL 4199214, at *4. In every way that legally matters, his complaint's entire aim is to have this court "wrest control from the state court and administer [the] estate" in the way that Plaintiff wants and thinks necessary over the preferences or plans of the current administrators of the estate. *Id.*

The remedies Plaintiff demands only reinforce that conclusion. Take injunctive relief: enjoining Plaintiff's brother (or his attorney) "from further administering the estate, as [he] requests, would effectively require this Court to assert control over the administration of estate assets currently in custody of the probate court." *State Farm Life Ins. Co. v. Cai*, 2010 WL 4628228, at *4 (N.D. Cal. Nov. 4, 2010). "Under the probate exception, this Court lacks jurisdiction to provide such relief." *Id.* The same is true of Plaintiff's demand for an immediate accounting of the estate assets, which would effectively impose a constructive trust over property under the probate court's jurisdiction. *See, e.g.*, *Stuart v. Hatcher*, 757 F. App'x 807, 810–11 (11th Cir. 2018) (per curiam) ("The district court may not exercise jurisdiction—through the establishment of a constructive trust—over assets still within the Probate Court's control."). And even though Plaintiff asks for "monetary damages" in an unspecified amount, the total amount in controversy alleged (for diversity jurisdiction purposes) consists entirely of claimed assets that are within the decedent's estate. (ECF 1 at 8, 13–14, 20). Awarding any or all of those assets to Plaintiff would be nothing if not a

disposition of property subject to state probate.

*Second*, federal courts must abstain from exercising jurisdiction if (as appears to be the case) the state probate proceedings here are still ongoing. Federal courts are precluded from interfering with or enjoining "pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41. (1971). "*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (simplified and cleaned up). If probate proceedings are in fact still ongoing, the other three elements for *Younger* abstention are satisfied here. Probate proceedings implicate important state interests. *See, e.g., Grant v. Bostwick*, 2016 WL 3983075, at *5 (S.D. Cal. Jul. 21, 2016). Indeed, those state interests are all but the *raison d'etre* of the probate exception to federal jurisdiction. Plaintiff can also raise any federal constitutional claims (if not otherwise frivolous) in state court. *See Lemke v. Bostwick*, 2025 WL 2754763, at *6 (S.D. Cal. Sept. 10, 2025). And as discussed already, the remedies Plaintiff seeks in his complaint would end up commandeering, if not countermanding, the probate court's authority.

*Third*, Plaintiff's alleged federal claims under 42 U.S.C. §§ 1981 and 1985 cannot confer subject matter jurisdiction because they are "wholly insubstantial" and "obviously frivolous." *Shapiro*, 577 U.S. at 45–46. Section 1981 prohibits intentional racial discrimination between private actors in the making or performance of contracts, but there is nothing in Plaintiff's complaint to suggest race has anything to do with the administration of the decedent's estate. *See Comcast Corp. v. Nat'l Ass'n of*

*Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020). And nothing in the complaint remotely suggests that Plaintiff's apparent dispute with his brother over their late father's estate implicates a civil rights conspiracy actionable under any provision of § 1985. Section 1985(1) cannot apply since that provision concerns only adverse employment actions involving federal officers. Section 1985(2) applies only when the administration of justice in federal or state courts is intentionally obstructed by "invidious discrimination or class-based animus." *Rutledge v. Arizona Bd. of Regents*, 859 F.2d 732, 736 n.3 (1988). And section 1985(3) likewise requires the deprivation of a legally protected right based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Nothing in Plaintiff's complaint plausibly suggests he can establish any invidious racial discrimination or other class-based animus based on his private dispute with his brother over the execution and administration of their late father's estate assets.

      For all these reasons, Plaintiff is ORDERED TO SHOW CAUSE in writing by no later than **November 10, 2025**, why this action should not be dismissed for lack of jurisdiction. Plaintiff can discharge this order by filing the attached notice on Form CV-09x dismissing this action without prejudice. Nothing about that dismissal, in other words, would affect or impair any rights Plaintiff may have to seek appropriate relief in the California state probate court with jurisdiction over the decedent's estate. But if Plaintiff doesn't timely file a notice of voluntary dismissal or other adequate response to this order, this action may be dismissed—with no

further warning and possibly with prejudice—for lack of prosecution and noncompliance with court orders.  *See* L.R. 41-1; Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.


DATED:    October 22, 2025

STEVE KIM
United States Magistrate Judge